# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

MARVIN HUEY DESHIELDS, #433-925,    *

Petitioner,    *

v.    *    Civil Action No. PX-18-1802

WARDEN CAMPBELL,    *

Respondent.    *

***

## MEMORANDUM OPINION

Petitioner Marvin Huey Deshields, a state inmate currently confined at the Jessup Correctional Institution ("JCI") in Jessup, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking a modification of his sentence. On August 10, 2018, Respondent submitted a responsive pleading arguing, in part, that the Petition should be dismissed for non-exhaustion. ECF No. 7. On November 5, 2018, Deshields opposed dismissal (ECF No. 11), and moved to supplement or amend on November 9, 2018 (ECF No. 12). Deshields' Motion to Supplement/Amend shall be granted, and the Clerk shall be directed to docket his filing at ECF No. 12 as a Supplement to the Response at ECF No. 11. For the reasons set forth below, however, the Petition will be DENIED WITHOUT PREJUDICE and DISMISSED as unexhausted.

## I. Background

On December 12, 2014, Deshields pleaded guilty in two separate cases pending in the Circuit Court for Wicomico County, Maryland. *See State of Maryland v. Marvin Huey Deshields, Sr.*, Case No. 22-K-14-000647 ("Case No. 647") and *State of Maryland v. Marvin Huey Deshields, Sr.*, Case No. 22-K-14-000731 ("Case No. 731"). Deshields admitted guilt to

one count of possession of a controlled dangerous substance with the intent to distribute in Case No. 647, and in Case No. 731, to one count of distribution of a controlled dangerous substance. *See* ECF No. 7-1 at 3-4; ECF No. 7-2 at 2-3. Deshields was sentenced in Case No. 647 to ten years in prison consecutive to any sentence then being served. ECF No. 7-1 at 4. In Case No. 731, he was sentenced to 20 years in prison, with all but ten years suspended and four years of probation, consecutive to the sentence imposed in Case No. 647. ECF No. 7-2 at 3. Deshields did not seek appellate review of his guilty pleas or sentences, nor did he file a petition for post-conviction relief. *See* ECF Nos. 7-1, 7-2.

On February 13, 2015, Deshields moved for a modification of sentence in both cases. *See id.*; ECF No. 1 at 3. The motions appear not to have been decided according to the state court docket. *Id.* On November 7, 2017, Deshields moved again for modification of sentence in both cases, claiming that he was entitled to relief pursuant to the Maryland Justice Reinvestment Act ("JRA"). *Id.*; *see also* ECF Nos. 1 & 1-1. The State opposed the motion, arguing that Deshields is not eligible for relief under the JRA because he is not serving a mandatory sentence. *See* ECF Nos. 7-1 at 10-11 & 7-2 at 9-10. On January 30, 2018, the Circuit Court denied the motions for modification of sentence. *Id.*; *see also* ECF Nos. 1-5, 1-6. On March 16, 2018, Deshields appealed the denials of sentence modification, but the Court of Special Appeals dismissed the appeals as untimely filed. *See* ECF Nos. 7-1 at 12-13 & 7-2 at 11-12.

In his current Petition, Deshields states that he was entitled to relief under the JRA and that the Circuit Court improperly denied his motion for modification without holding a hearing. *See* ECF No. 1 at 8. He argues that the Circuit Court's summary denial of his motion violates his rights under the Fourteenth Amendment to the United States Constitution. *Id.* As relief, he asks this Court to direct that his sentences imposed in Case Nos. 647 and 731 run concurrently rather

than consecutively. *Id.* at 10.

## II. Discussion

Respondents argue that the Petition should be dismissed because Deshields has failed to exhaust his claims in Maryland courts, has not alleged a violation of the United States Constitution or federal law, and because his claims are meritless. *See* ECF No. 7 at 1. The Court will deny the Petition and dismiss without prejudice for failure to exhaust state remedies.

Generally, a federal court may not consider a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state remedies, including presenting the claim to the highest state court. *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). Specifically, under § 2241, courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" because a federal habeas petition "is the avenue of last resort." *Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010). Absent the exhaustion of state remedies, the Petition must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 520, 522 (1982).

A prisoner challenging the manner in which his sentences have been imposed may pursue two possible avenues of state court relief. One way is for the prisoner to file a grievance with the Inmate Grievance Office ("IGO") challenging the calculation of sentences or diminution credit, which may be referred to an administrative law judge with the Office of Administrative Hearings ("OAH"). Md. Code Ann., Corr. Servs. § 10-207 (2002). The OAH determination is deemed to be the decision of the Secretary of Public Safety and Correctional Services ("the Secretary"), unless the OAH grants the prisoner's claim, in which case the Secretary may affirm, reverse, or modify the OAH proposed order. *Id.* § 10-209. The prisoner may then appeal the Secretary's decision to the relevant Maryland Circuit Court, and, if necessary, file an application for leave to appeal the decision of the Circuit Court to the Court of Special Appeals of Maryland. *See*

3

*Adamson v. Corr. Med. Servs., Inc.*, 753 A.2d 501, 509-10 (Md. 2000); Md. Code Ann., Corr. Servs. §§ 10-201 to 10-210. If the Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, the prisoner must also seek permission to appeal to the Court of Appeals of Maryland. *See Baker*, 220 F.3d at 288; Md. Code Ann., Cts. & Jud. Proc. § 12-201 to 12-202 (2011).

Alternatively, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts through a petition for a writ of habeas corpus. *See Md. House of Corr. v. Fields*, 703 A.2d 167, 175 (Md. 1997), *abrogated on other grounds by Moats v. Scott*, 751 A.2d 462 (Md. 2000); *see also* Md. Rule 15-302(a)(1). If unsuccessful, the prisoner may appeal the Circuit Court's decision to the Maryland Court of Special Appeals, and may thereafter seek certiorari in the Maryland Court of Appeals. *See, e.g.*, *Stouffer v. Pearson*, 887 A.2d 623, 625-26 (Md. 2005) (granting a writ of certiorari and considering a claim of whether a prisoner's sentence should be calculated so as to entitle him to immediate release); *Jones v. Filbert*, 843 A.2d 908, 910 (Md. Ct. Spec. App. 2004) (considering an appeal from a decision on a petition for a writ of habeas corpus relating to the failure to credit diminution of confinement credits); Md. Code Ann., Cts. & Jud. Proc. § 12-201.

Here, Deshields has done neither. Although Deshields attempted to challenge the denial of his motion to reconsider sentence, the appeal was dismissed as untimely filed and Deshields has taken no further action. Deshields, however, still may pursue the above-described state court relief. Accordingly, this Court's consideration of the Petition prior to Deshields' exhaustion of state remedies is premature. The Petition is dismissed without prejudice as unexhausted.

### III. Certificate of Appealability

A habeas petitioner is not automatically entitled to appeal a district court's denial of the Petition. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a certificate of appealability because Deshields has not made the requisite showing. Deshields may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### IV. Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus shall be DENIED WITHOUT PREJUDICE and DISMISSED as unexhausted. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

|  |  |
|---|---|
| 11/19/18 | /S/ |
| Date | Paula Xinis<br>United States District Judge |